STATE OF NORTH CAROLINA v. BOBBY BRANDELL KELLY

No. 819SC1065

(Filed 16 March 1982)

**Homicide § 28— self-defense—omission from final mandate—prejudicial error**

The trial judge in a homicide prosecution erred in failing to include not guilty by reason of self-defense as a possible verdict in his final mandate to the jury, and such error was not cured by the discussion of the law of self-defense in the body of the charge.

APPEAL by defendant from *Godwin, Judge*. Judgment entered 17 March 1981 in Superior Court, VANCE County. Heard in the Court of Appeals 9 March 1982.

Defendant appeals from a judgment of imprisonment entered upon his conviction of second degree murder.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Appellate Defender Adam Stein, and Assistant Appellate Defenders Ann B. Petersen and James R. Glover, for defendant appellant.*

WHICHARD, Judge.

The State's evidence tended to show that defendant struck Richard Dunston across the nose with a stick, and that Dunston died from the resulting injuries. Defendant's evidence tended to show that defendant hit Dunston after Dunston had cut him with a knife and while Dunston was still attacking him with the knife. Defendant testified:

I hit him with the stick so he wouldn't cut me again with the knife . . . . I struck him with the stick to keep him from cutting me with the knife.

. . . .

. . . I didn't try to kill him or nothing. I just wanted to keep him off of me with the knife. If I hadn't of hit him in the head maybe he would have killed me. He was aiming at my throat. I swung the stick three times and he had the knife going and I swung two times and I missed and the third I hit I think twas somewhere under the eye.

The court instructed on the defense of self-defense in the main body of the charge. It failed to do so, however, in its final mandate to the jury, the pertinent portion of which was as follows:

So, finally, Ladies and Gentlemen, I charge you and instruct you that if you find from the evidence and beyond a reasonable doubt that on or about the 1st day of November, 1980, the defendant intentionally and with malice and without justification or excuse struck Richard Dunston with the stick which has been described in evidence in this case thereby proximately causing Dunston's death, it would be your duty to return a verdict of guilty of second degree murder. If, however, you fail to so find or if you find that you have a reasonable doubt as to one or more of those things, then you will go to and consider and say whether you find the defendant to be guilty of voluntary manslaughter, that is, if you find that he is not guilty, that the State has failed to satisfy you beyond a reasonable doubt that the defendant is guilty of murder in the second degree, you will not return a verdict of not guilty, but you will then go to and consider and say whether he is guilty of voluntary manslaughter.

If you come to consider that possible verdict and find from the evidence and beyond a reasonable doubt that on or about that date, November 1, 1980, the defendant intentionally and without justification or excuse struck Richard Dunston with a stick, which has been described in the presentation of evidence in this case, that that stick was a deadly weapon and that the blow thereby proximately caused Dunston's death, you would return a verdict of guilty of voluntary manslaughter. Such a finding on your part would mean that the State has failed to prove beyond a reasonable doubt that the [defendant] acted with malice, that is not in the heat of

passion upon adequate provocation. You would also return a verdict of guilty of voluntary manslaughter if you find beyond a reasonable doubt that the defendant intentionally struck Dunston with the stick, which has been described in evidence in this case, that that stick was a deadly weapon and thereby proximately caused Dunston's death, even if the State has not proved beyond a reasonable doubt that the defendant did not act in self-defense, provided that the State has proved beyond a reasonable doubt that in the exercise of self-defense the defendant used excessive force or was the aggressor, although without murderous intent in bringing on the affray with Dunston.

I may have failed in instructing you with respect to the circumstances under which you can return a verdict of guilty of murder in the second degree. The State must satisfy you from the evidence and beyond a reasonable doubt that the defendant intentionally and with malice and without justification used a deadly weapon, that the stick that has been described in evidence in this case was a deadly weapon under the rules that the Court has laid down for you.

If you find that the State has failed to [satisfy] you from the evidence and beyond a reasonable doubt that the defendant is guilty of voluntary manslaughter, you must return a verdict of not guilty and acquit the defendant.

In *State v. Dooley*, 285 N.C. 158, 203 S.E. 2d 815 (1974), our Supreme Court held that the failure to include an instruction on self-defense in the final mandate to the jury was not cured by discussion of the law of self-defense in the body of the charge, and that such failure was prejudicial error entitling the defendant to a new trial. The Court stated, per Justice Moore:

At no time in this mandate did the court instruct the jury that if . . . defendant acted in self-defense, then the killing would be excusable homicide and it would be their duty to return a verdict of not guilty.

The failure of the trial judge to include not guilty by reason of self-defense as a possible verdict in his final mandate to the jury was not cured by the discussion of the law of self-defense in the body of the charge. By failing to so charge,

the jury could have assumed that a verdict of not guilty by reason of self-defense was not a permissible verdict in the case. The defendant was entitled under the law, following the mandate on manslaughter, to an instruction substantially as follows:

> "If, however, although you are satisfied beyond a reasonable doubt that the defendant did intentionally shoot [the victim] and thereby proximately caused his death, if you are further satisfied, not beyond a reasonable doubt, but are satisfied that at the time of the shooting the defendant did have reasonable grounds to believe and did believe that he was about to suffer death or serious bodily harm at the hands of [the victim], and under those circumstances he used only such force as reasonably appeared necessary, you the jury being the judge of such reasonableness, and you also are satisfied that the defendant was not the aggressor, then he would be justified by reason of self-defense, and it would be your duty to return a verdict of not guilty."

*Id.*, 285 N.C. at 165-166, 203 S.E. 2d at 820. We find *Dooley* controlling here, and accordingly award a new trial because of the court's failure to include an instruction in its final mandate allowing the jury to find defendant not guilty by reason of self-defense. Because we make this disposition of defendant's appeal, we deem it unnecessary to discuss the other errors assigned.

New trial.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.